[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 4, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10808
Non-Argument Calendar

_____

D. C. Docket No. 04-01015-CV-JOF-1

EAGLE HOSPITAL PHYSICIANS, LLC.,

Plaintiff-Counter-
Defendant-Appellee,

versus

SRG CONSULTING, INC.,
HOSPITALIST PHYSICIANS, INC.,
STEVEN R. GERST,

Defendants-Counter-
Claimants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 4, 2009)

Before BLACK, BARKETT and HILL, Circuit Judges.

PER CURIAM:

We have previously described the defendants', SRG Consulting, Inc., Hospitalist Physicians, Inc., and Steven R. Gerst, "egregious misconduct" in this case and affirmed the district court's entry of sanctions against them (including a default judgment) and the award of attorneys' fees to plaintiff, Eagle Hospital Physicians, LLC. *Eagle Hospital Physicians, LLC. v. SRG Consulting, Inc., Hospitalist Physicians, Inc., Steven R. Gerst,* 561 F.3d 1298, 1306-07 (11th Cir. 2009). While this case was before us, defendants filed a motion pursuant to Rule 60(b)(1), Fed. R. Civ. P., seeking relief from the default judgment and the sanctions order, asserting that the district court had made a "mistake." The district court denied the motion, and defendants filed this appeal. Additionally, defendants appeal the amount of the district court's subsequent attorneys' fee award, arguing that the district court incorrectly awarded fees for time spent on failed motions.

We have reviewed the briefs and the record in this case and find no merit in either of defendants' assertions of error. The district court correctly denied the Rule 60(b)(1) motion, noting that it was nothing more than a repackaging of arguments it had already rejected in its prior order sanctioning defendants' misconduct.

Additionally, the law in this circuit is that a prevailing party entitled to

attorneys' fees is not to be penalized for failed motions. *See Columbus Mills, Inc. v. Freeland*, 918 F.2d 1575, 1580 (11th Cir. 1990) (affirming district court's refusal to cut any time from a successful party's fee application for two "completely unsuccessful . . . motions during the pretrial hearings"). Nor do we agree with defendants that the district court inadequately explained its attorneys' fee award. On the contrary, plaintiff's motion for fees was well-documented and the district court's award based upon that motion was both thorough and specific.

For the foregoing reasons, the district court did not abuse its discretion in denying defendants' post-judgment motion for relief from the sanctions order and the default judgment or in its award of attorneys' fees.

AFFIRMED.